# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Maria Valdez | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 3206 | **DATE** | 9/1/2010 |
| **CASE TITLE** | Majeski vs. Metropolitan Life Insurance Company | | |

**DOCKET ENTRY TEXT**

Plaintiff's motions to Vacate Order of Remand [109] and to Expand the Record [126] are denied.

■ [ For further details see text below.]

Notices mailed by Judicial staff.

## STATEMENT

Plaintiff has filed two interrelated motions, a Motion to Vacate Order to Remand [Doc. No. 109] and a Motion to Expand the Record [Doc. No. 126] to incorporate the Social Security determination and claim record into the administrative record. Both motions have been fully briefed and have been pending while settlement discussions were underway. Since good faith attempts at settlement have been exhausted, the Court now addresses the merits of the motions.

The motions seek specific direction from this Court to the Plan on what information should be reviewed upon remand. In support of her request, Plaintiff grounds her argument on two bases: (1) that the Supreme Court's decision in *Metropolitan Life Insurance Co. v. Glenn*, 554 U.S. 105 (2008), requires that consideration must be given to the Social Security determination and record "given the importance of such evidence"; and (2) that a "full and fair review" of the claim under ERISA's regulations, 29 C.F.R. § 2560.503-1, requires the Plan to consider the deposition of a reviewing physician, Philip Marion, as well as the Social Security determination that occurred after the close of the administrative appeal.

Plaintiff argued on appeal to the Seventh Circuit that this Court was in error for failing to consider this same evidence in contravention of *Glenn* and two cases from the Fifth Circuit. In *Majeski v. Metropolitan Life Insurance Co.*, 590 F.3d 478, 483 (7th Cir. 2009), the appellate court specifically addressed and rejected this contention:

> . . . the Social Security award in *Glenn* was already part of the administrative record, and no credible reading of *Glenn* would require a plan administrator to reopen a closed appeal and consider a later Social Security award simply so that a reviewing court has a more complete record under which to examine the plan administrator's conflict of interest. In short, nothing that we see in *Glenn* supports Majeski's contention that MetLife must allow her to supplement

| STATEMENT |
|---|

> the administrative record without limit, even if she is offering evidence of a reviewing doctor's bias.

*Id.* at 483.

Further, Plaintiff does not provide this Court with a sufficient basis to require the Plan Administrator to now consider this evidence even in light of the regulations governing ERISA, 29 C.F.R. § 2560.503-1. The Court agrees that the regulations do require a "full and fair review" and provide that additional information submitted after the initial determination is to be considered. But once the administrative appeal period has ended there are limits that apply. As the Seventh Circuit noted in *Majeski*, the administrative record is not open-ended.

The remand in this case requires the MetLife ERISA Plan Administrator to conduct a full and fair review of the whole administrative record consistent with *Majeski*, 590 F.3d 478. This review shall include addressing, through findings or explanations, the objective evidence of functional limitations offered by Ms. Majeski and contained in the administrative record.

Accordingly, Plaintiff's motions to Vacate Order of Remand [Doc. No. 109] and to Expand the Record [Doc. No. 126] are denied.